IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAWN RUSSELL (ZABAD),

    Petitioner,

v.                                                Civil Action No. 5:16CV49
                                              (JUDGE STAMP)

JENNIFER SAAD,

    Respondent.

## REPORT AND RECOMMENDATION THAT PETITION FOR HABEAS CORPUS BE DENIED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

### I. Factual and Procedural History

The *pro se* Petitioner initiated this case on April 13, 2016, by filing a Petition For Habeas Corpus Under 28 U.S.C. § 2241. Petitioner paid her five dollar ($5.00) filing fee April 29, 2016. On May 4, 2016, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted and entered an order to show cause directing the Respondent to show cause why the writ should not be granted. ECF No. 17.

On June 9, 2016, the Respondent filed a Motion to Dismiss or in the Alternative for Summary Judgment. ECF No. 28. The Petitioner filed her "Roseboro Reply" on June 23, 2016, without a Roseboro Notice being entered. ECF No. 32.

This case is before the undersigned for a report and recommendation on the Respondent's Motion to Dismiss or in the Alternative Respondent's Motion for Summary Judgment.

1

## II. Factual Background

The Petitioner pleaded guilty in the United States District Court for the Western District of Kentucky, pursuant to a plea agreement, to one count of conspiracy and nine substantive counts of passing and manufacturing counterfeit checks in violation of 18 U.S.C. §§ 371 and 513. The court sentenced petitioner to 41 months imprisonment and 3 years of supervised release. The Petitioner's projected release date via good conduct time ("GCT") is May 24, 2017.

The Petitioner is currently incarcerated at the Secure Female Facility at the Federal Correctional Complex at Bruceton Mills, West Virginia ("SFF Hazelton"), where she was designated on December 31, 2015. Prior to her designation at SFF Hazelton, she was designated to FPC Alderson from August 6, 2014 to December 1, 2015. The issues raised in the pending 2241 petition arise from events at FPC Alderson. In particular, the Petitioner alleges that she performed a special work assignment regarding floor maintenance at FPC Alderson for which she claims she was not compensated. More specifically, the Petitioner alleges that she was promised an additional 90 days GCT which she never received. The Petitioner maintains that if she were awarded the 90 days her statutory release date would be reduced to February 24, 2017. In addition, the Petitioner maintains that she was recommended for 270 days of RRC/CCM/Halfway time but her placement is being delayed because of arbitrary actions by BOP staff.

## II. The Pleadings

### A. The Petition

In her Petition, the Petitioner asserts:

1. She did not receive ninety (90) days good time credit under policy 5251.06(12)(5)

for emergency exceptional services work she performed at F.C.P. Alderson.

2. Staff at S.F.F. Hazelton hindered her in the administrative remedy process.

3. Staff at S.F.F. Hazelton is not following or adhering to its promulgated policies.

4. Staff at S.F.F. Hazelton is arbitrarily failing to perform its duties in this matter.

5. Staff at S.F.F. Hazelton is hindering and delaying her transfer to a less restrictive level of confinement.

6. Staff at S.F.F. Hazelton is arbitrarily delaying her RRC date.

Petitioner requests the court:

1. Direct BOP to verify the emergency exceptional service work she performed.

2. Submit the ninety (90) day retroactive award of good-time credit under 5251.06(12)(5).

3. Submit the updated information for a May 2016 transfer to RRC.

**B.** **Respondent's Motion to Dismiss or in the Alternative Motion for Summary Judgment**

1. The Petitioner is not entitled to the good time credit she seeks.

2. The Petitioner has failed to exhaust her administrative remedies.

**C.** **Petitioner's Reply**

1. She stripped, waxed and buffed the commissary floors at the request of Randy Keys who was desperate to pass an impending trust fund program review, and she was not compensated for the same.

2. She endured hostility at F.P.C. Alderson.

3. The Respondent's inclusion of her grievance record is evidence of the BOP's refusal to compensate for her exceptional emergency services performed.

4. Documents submitted by Howard Williams are not relevant or material to her claims except Attachment F.

5. A special monetary award under 5251.06(12)(5) b & c is at least $150.00.

6. She specifically discussed 90 days good time compensation with A.W. Keys.

7. She disputes A.W. Keys declaration and exhausting administrative remedies would be futile. She contends her RRC date is November 22, 2016.

8.&9. If given 90 days good time, her RRC transfer date would be August 23, 2016.

### III. Standard of Review

**A.  Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Card Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the fact alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.  Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v.

Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## IV. Analysis

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a § 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, Nos. Civ.A.1:03-CV-214, Civ.A.1:03-CV-137, 2004 WL 3189469 (N.D. W.Va. Jul 14, 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a court has the discretion to waive the requirement in certain circumstances. See LaRue

5

v. Adams, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." Id. at 1327 (citation omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, et seq. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director

signed the response.[1] An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

The Petitioner alleges that she presented the facts raised in her petition in the prison's administrative internal grievance process, but the grievance process was impeded by staff. More specifically, the Petitioner alleges that her grievances "[g]et lost or confused or etc. My grievance are not being answered." ECF No. 1 at 8. However, a review of the Respondent's exhibits establish that the Petitioner's failure to exhaust the grievance process was through her own fault.

On December 21, 2015, the Petitioner filed a BP-9 indicating that she wanted to be compensated for work done. Because the grievance was marked "sensitive," she was required to send the grievance directly to the Mid-Atlantic Regional Office. Because she filed it at the institutional level, it was rejected that same date. ECF No. 29-1 at 19. The Petitioner did not send this "sensitive" grievance to Regional Office. However, she did file the same B-9, not marked sensitive at the institutional level again on December 21, 2015, and it was denied on April 21, 2016.[2]

---

[1]"If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CMM. within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

[2]Despite the fact that the BP-9 was not answered within the time restraints imposed by the grievance process, and she could have considered the same denied and continued the process, the Petitioner did not. Instead, as noted in the body of this Report & Recommendation, the Petitioner waited until the grievance was denied at the institutional level on April 21, 2016, after

7

ECF No. 29-1 at 21. On May 9, 2016, she appealed this denial to the Regional Level, where it was denied on May 11, 2016. ECF No. 29-1 at 17. The Petitioner did not appeal this denial to the Office of General Counsel. Therefore Petitioner has not exhausted her administrative remedies, and even if she had, she would not have done so before she initiated this habeas on April 13, 2016. Furthermore, the Petitioner has never mentioned an arbitrary delay in her RRC date in any grievance. By requiring the Petitioner to exhaust her claim within the Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle. For example, the administrative remedy process could develop the necessary factual background upon which the Petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid deliberate flouting of the administrative process.[3]

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment [ECF No. 28] be **GRANTED** and the Petition for Habeas Corpus [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**. It is further recommended that Petitioner's Motion to Subpoena Witness [ECF No. 26] and Motions to Expedite [ECF Nos. 36 and 37] be **DENIED AS MOOT**.

---

she initiated this case, to file an appeal at the Regional level.

[3] The undersigned notes that the Petitioner has been in the custody of the BOP since August 6, 2014. ECF No. 29-1 at 9. Starting in September of 2014, and continuing through May of 2016, the Petitioner has initiated twenty-seven grievances and has failed to exhaust any. ECF No. 29-1 at 15-17.

Within fourteen (14) days of receipt of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Report and Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to Senior Judge Frederick P. Stamp, Jr. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail; return receipt requested, to her last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 6, 2016

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE