IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAWN RUSSELL (ZABAD),

    Petitioner,

v.                                                Civil Action No. 5:16CV49
                                                            (STAMP)
JENNIFER SAAD, Acting Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
AND OVERRULING THE PETITIONER'S OBJECTIONS**

I.  Background

At issue is the pro se[1] petitioner's, a federal prisoner, petition filed under 28 U.S.C. § 2241 ("§ 2241"). The petitioner pled guilty, pursuant to a plea agreement, to one count of conspiracy and nine substantive counts of passing and manufacturing counterfeit checks in violation of 18 U.S.C. §§ 371 and 513. The United States District Court for the Western District of Kentucky sentenced the petitioner to 41 months of imprisonment and three years of supervised release. The petitioner's projected release date via good conduct time ("GCT") is May 24, 2017, and she is currently incarcerated at SFF-Hazelton but was previously incarcerated at FCP-Alderson, where the issues raised in this § 2241 petition arose.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

In her petition, the petitioner alleges that she performed a special work assignment regarding floor maintenance at FCP-Alderson for which she was not compensated. Specifically, the petitioner claims she was promised an additional 90 days of GCT that she never received. The petitioner also maintains that she was recommended for 270 days of RRC/CCM/halfway time, but that her placement is being delayed because of arbitrary actions by prison staff. After a preliminary review of the petition, the magistrate judge entered an order to show cause directing the respondent, the acting warden, to show cause why the writ should not be granted.

The respondent then filed a motion to dismiss or, in the alternative, for summary judgment. The respondent argues that (1) the petitioner is not entitled to the GCT she seeks and (2) she has failed to exhaust her administrative remedies. The petitioner filed a response in which she argues that she endured hostility at FCP-Alderson and that the respondent's inclusion of her grievance record in the respondent's motion is evidence of the prison's failure to compensate her for her "exceptional emergency services performed." The petitioner alleges that she specifically discussed the additional 90 days of GCT with prison staff and argues that exhausting her administrative remedies would be futile.

United States Magistrate Michael John Aloi then entered a report and recommendation. In that report and recommendation, the magistrate judge recommends denying without prejudice the

petitioner's § 2241 petition for failure to exhaust administrative remedies. The magistrate judge notes that the Bureau of Prisons provides a four-step administrative process for prisoner grievances and that an inmate is not deemed to have exhausted her administrative remedies until she has filed her complaint at all four levels. In her petition, the petitioner alleges that the prison grievance process was impeded by prison staff, but the magistrate judge found that "a review of the Respondent's exhibits establish that the Petitioner's failure to exhaust the grievance process was through her own fault."

The petitioner filed a first-level grievance on December 21, 2015, which she was required to send directly to the Mid-Atlantic Regional Office because it was marked "sensitive." However, the petitioner filed the grievance only at the institutional level and, thus, it was rejected. The petitioner filed the same grievance again at the institutional level, which was not marked sensitive, and it was denied on April 21, 2016. The petitioner appealed the denial to the regional level, and was denied at that level on May 11, 2016. The petitioner did not appeal the regional level denial to the Office of General Counsel and, thus, did not exhaust her administrative remedies. Additionally, the petitioner never mentioned an arbitrary delay in her RRC date in any grievance. Accordingly, the magistrate judge recommends granting the respondent's motion to dismiss or, in the alternative, motion for

summary judgment and dismissing without prejudice the petition for habeas corpus under § 2241. The magistrate judge also recommends that the petitioner's motion to subpoena a witness and motions to expedite be denied as moot.

The petitioner filed objections. The petitioner argues that the time constraints of her sentence and the hindrance of her administrative grievances by prison staff warrant waiver of the exhaustion requirement, and that she asked for such waiver of the exhaustion requirement in her petition. The petitioner also objects to the recommendation on the grounds that FCP-Alderson did not operate in accordance with the administrative remedy process as it is set forth in the federal regulations. The petitioner then objects on the grounds that, through no fault of her own, she did not receive notice of the rejection of her grievance in time to appeal it. She additionally asserts that there was a delay, through no fault of her own, of her grievance being filed by prison staff at the institutional level.

For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted, and the petitioner's objections are overruled.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed

4

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### III. Discussion

Exhaustion prerequisites in habeas corpus actions arising under § 2241 are judicially imposed, and, thus, a court has the discretion to waive the requirement in certain circumstances. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Larue v. Adams, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D. W. Va. June 12, 2006). However, courts have enforced a longstanding policy favoring exhaustion even in cases in which the administrative process is unlikely to grant an inmate relief. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). The following

policies are promoted by requiring the exhaustion of administrative remedies:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

Id. at 1327 (citing Kobleur v. Grp. Hospitalization & Med. Servs., Inc., 954 F.3d 705, 712 (11th Cir. 1992)).

The Bureau of Prisons provides a four-step administrative process to address prisoner grievances. See 28 C.F.R. § 542.10, et seq. The first step is attempted informal resolution with prison staff, the second step is filing a written complaint to the warden, the third step is an appeal to the regional director of the Bureau of Prisons, and the fourth step is an appeal to the Office of General Counsel. An inmate is not deemed to have exhausted her administrative remedies until she has filed her complaint at all four levels. See 28 C.F.R. §§ 542.10-542.15.

As described in the background section above, the petitioner never appealed the denial of her grievance at the regional level to the Office of General Counsel. Thus, the petitioner is not deemed to have exhausted her administrative remedies. This Court finds that requiring exhaustion of administrative remedies in this case

6

would not be futile and would promote many of the policies underlying the exhaustion principle. As the magistrate judge also found, the administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the Bureau of Prisons the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the Bureau of Prisons a chance to discover and correct its own possible error, and avoid deliberate flouting of the administrative process.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 41) is AFFIRMED AND ADOPTED. Therefore, the respondent's motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 28) is hereby GRANTED, and the petition for habeas corpus under § 2241 (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. Additionally, the petitioner's motion to subpoena a witness (ECF No. 26), motions to expedite (ECF Nos. 36 and 37) and motion for immediate ruling (ECF No. 46) are DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, she is ADVISED that she

must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 13, 2017

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE